■ In the Matter of ORANGE COUNTY DEPARTMENT OF SO-CIAL SERVICES, Respondent, v LISA SUE C., Appellant. [601 NYS2d 177] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the mother appeals from an order of the Family Court, Orange County (Slobod, J.), entered December 10, 1991, which terminated her parental rights upon finding that she had violated the terms and conditions set forth in an order dated January 22, 1991.

Ordered that the order entered December 10, 1991, is reversed, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a hearing to determine (1) the exact nature of the "aftercare recommendations" promulgated pursuant to the order dated January 22, 1991, and (2) whether the mother complied with those "recommendations".

In the order dated January 22, 1991, the Family Court required that the mother successfully complete an alcohol rehabilitation program and "follow through with any and all aftercare recommendations made". The mother indisputably failed to comply with certain of the "aftercare recommendations" regarding attendance at a halfway house program, relocation to Orange County, and avoidance of emotional or physical relationships with males. As a result, the court freed the mother's children for adoption. We reverse and remit to the Family Court for a further hearing.

Since the "aftercare recommendations" at issue were never spelled out in the order dated January 22, 1991, it was incumbent upon the petitioner at the hearing to demonstrate exactly what instructions had been communicated to the mother. This the petitioner failed to do. It is not clear, for example, whether, at the time of the hearing, the mother still had time to comply with the halfway house program recommendation by enrolling in such a program before January 22, 1992, or whether her move to Middletown in Orange County was specifically proscribed by her primary therapist. Therefore, we remit the matter to the Family Court for a further hearing as to the exact terms of the "aftercare recommendations" given to the mother and a new determination as to whether she complied with them. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.