■ In the Matter of SIMONE B. SEAFORD B., SR., Appellant; DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Matter No. 1.) In the Matter of KAYLA B. SEAFORD B., SR., Appellant; DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Matter No. 2.) In the Matter of SEAFORD B., JR. SEAFORD B., SR., Appellant; DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Matter No. 3.) [643 NYS2d 672]

The Dutchess County Department of Social Services met its burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship and reunite the family and that, despite its efforts, the father failed to maintain substantial and continuous contact with Simone B. and failed to plan for her future. Therefore, we affirm the Family Court's finding of permanent neglect as to Simone B. *(see,* Social Services Law § 384-b [7]). The preponderance of the hearing evidence further demonstrates that the father neglected Kayla B. and Seaford B., Jr., within the meaning of Family Court Act § 1012 (f) (i) by, *inter alia,* leaving them alone and unsupervised in a hotel room and leaving Seaford B., Jr., alone in his mother's care in violation of prior court orders.

The appeal from so much of the order of disposition as placed Kayla B. and Seaford B., Jr., in the care and custody of the father under the supervision of the Dutchess County Department of Social Services is academic. In an order of disposition dated February 26, 1996, Kayla B. and Seaford B., Jr., were placed in the care and custody of the Dutchess County Department of Social Services for up to one year effective January 22, 1996, while the father participates in in-patient alcohol treatment and other agreed-upon services. Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.