■ In the Matter of TINA L. and Others, Children Alleged to be Neglected. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; DAVID L., Respondent. [680 NYS2d 137] —Order unanimously reversed on the law without costs, petition granted in part and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Affording Family Court the deference to which it is entitled in its assessment of credibility (*see, Matter of Brandy J.*, 236 AD2d 894; *see also, Matter of Lynelle W.*, 177 AD2d 1008), we decline to disturb the court's findings that respondent's daughter Tina was not credible and that petitioner therefore did not satisfy its burden of proving by a preponderance of the evidence that respondent sexually abused her. Although the court properly granted petitioner's motion to amend the allegations in the petition to conform to the proof on the issue of neglect (*see,* Family Ct Act § 1051 [b]; *Matter of T. D. Children*, 161 AD2d 464, 465), the court erred in failing to find that respondent neglected his three children. Petitioner established that the three children were subjected to an environment of alcohol and substance abuse and pervasive domestic violence with the frequent need for police intervention (*see, Matter of Department of Social Servs. [Scott M.] v Janna C.*, 237 AD2d 603, 604; *Matter of Billy Jean II*, 226 AD2d 767, 768-770). We conclude, therefore, that petitioner proved by a preponderance of the evidence that the children were neglected by respondent, i.e., that each child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]). Thus, we reverse the order, grant in part the petition as amended by the court and conclude that respondent neglected his three children, and we remit this matter to Monroe County

Family Court for a dispositional hearing. (Appeal from Order of Monroe County Family Court, Sciolino, J.—Neglect.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.