In the Matter of DAVIN G., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; RADAMES G., Respondent. (Proceeding No. 1.) In the Matter of DANIEL G., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; RADAMES G., Respondent. (Proceeding No. 2.) In the Matter of RACHAEL G., Petitioner, v RADAMES G., Respondent. (Proceeding No. 3.) [782 NYS2d 763]—

In two related neglect proceedings pursuant to Family Court Act article 10 and a related family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Queens County (Richardson-Thomas, J.), dated December 16, 2003, as amended December 17, 2003, as, after a fact-finding hearing, denied the petitions in Proceeding Nos. 1 and 2, and dismissed those proceedings.

Ordered that the order as amended is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly found that the Administration for Children's Services (hereinafter ACS) failed to establish, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), that the father neglected the subject children (*see* Family Ct Act § 1012 [f] [i] [B]). Indeed, while ACS alleged that the father

committed an act of domestic violence in the children's presence, the evidence supported the conclusion that the isolated incident at issue did not occur in their presence (*see Matter of Daphne G.,* 308 AD2d 132, 134 [2003]; *Matter of Xavier C.,* 303 AD2d 583 [2003]; *Matter of Tali W.,* 299 AD2d 413 [2002]). Furthermore, while ACS also alleged that the father, on a subsequent occasion, administered excessive corporal punishment to one of the children, who suffered certain injuries when left in his care, the evidence supported the conclusion that these injuries were caused by an accident (*cf. Matter of Stephanie A.,* 227 AD2d 473, 474 [1996]). Florio, J.P., Mastro, Rivera and Fisher, JJ., concur.