■ In the Matter of LARRY O., JR., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LARRY O., Appellant, et al., Respondent. [787 NYS2d 119]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his notice of appeal and brief, from so much of an order of disposition of the Family Court, Suffolk County (Sweeney, J.), entered October 2, 2003, as, upon a fact-finding order of the same court entered July 24, 2003, made after a hearing, determined that he had neglected his son.

Ordered that the notice of appeal from the fact-finding order entered July 24, 2003, is deemed to be a premature notice of appeal from the order of disposition entered October 2, 2003 (*see* CPLR 5520 [c]; Family Ct Act § 1112); and it is further,

Ordered that the order of disposition is reversed, without costs or disbursements, the fact-finding order is vacated, that branch of the petition alleging that the father engaged in domestic violence in the presence of the child is dismissed, and the matter is remitted to the Family Court, Suffolk County, for a further fact-finding hearing and a determination of that branch of the petition alleging that the father failed to supervise his son; and it is further,

Ordered that pending that further hearing and determination, custody of the child shall remain with the petitioner.

Contrary to the petitioner's contention, the evidence failed to establish that the father and the child's mother engaged in domestic violence in the presence of the child. The parents offered unrefuted testimony that the child was asleep in the bedroom while they engaged in an altercation in the kitchen. There was no proof of a pattern of domestic violence. An isolated instance of domestic violence outside the presence of the child is insufficient to establish neglect (*see Matter of Davin G.*, 11 AD3d 462 [2004]).

The Family Court took no specific testimony and made no finding as to the allegation that the father neglected his son by

leaving him unattended after the mother left the apartment (*see* Family Ct Act 1012 [f] [i] [B]; *Matter of Simone B.*, 228 AD2d 496 [1996]). We remit the matter to the Family Court for a further fact-finding hearing and a determination of that branch of the petition (*see Matter of Orange County Dept. of Social Servs. v Lisa Sue C.*, 196 AD2d 592 [1993]). H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.