In the Matter of RAVERN H. and Another, Infants. CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent; JOHANNA H., Appellant. [789 NYS2d 563]—

Appeal from an order of the Family Court, Cayuga County (Peter E. Corning, J.), entered April 3, 2003 in a proceeding pursuant to Family Ct Act article 10. The order adjudged that respondent's children are neglected children.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the factual findings that respondent's child died under "suspicious circumstances" and that respondent "engaged in" a domestic violence incident in the presence of the children and as modified the order is affirmed without costs.

Memorandum: Respondent appeals from an order of fact-finding and disposition determining that the children Ravern H. and Kelly S., ages 18 months and six weeks respectively, are neglected children and removing them from respondent's care for a period of 12 months. We agree with respondent's contention that petitioner failed to prove by a preponderance of the evidence that respondent's first-born child "died under suspicious circumstances" or that respondent "engaged in" an incident of domestic violence in the presence of the children.

It is undisputed that in 1998, respondent used a love seat pushed against the wall as a makeshift crib for her first-born child and that she found the child dead one morning between the love seat and the wall. Nevertheless, the record also includes the extensive autopsy report, wherein the cause of death was determined to be sudden infant death syndrome, commonly known as SIDS, i.e., the sudden death of an apparently healthy infant that remains unexplained after all other causes, including suffocation, are ruled out (see Stedman's Medical Dictionary 1721, 1768 [27th ed 2000]). We therefore conclude that Family Court erred to the extent that it based its finding of neglect on a finding that the death of that child was "under suspicious circumstances" (see generally Matter of Kenneth V. [appeal No. 2], 307 AD2d 767, 769 [2003]).

We further conclude that the court erred to the extent that it based its finding of neglect on a finding that respondent "[was] having a domestic incident with her boyfriend . . . and [fell] on the child [Ravern H.]." The evidence establishes that while respondent was holding the child, her boyfriend chased her and closed her hand in the bedroom door, breaking her finger, and that, while she was attempting to leave the apartment with the child, her boyfriend picked her up by her head and bit her face, and then pushed her over onto the child. " 'To support a finding of neglect petitioner must prove both parental misconduct and harm or potential harm to [the] child' by a preponderance of the evidence" (*Kenneth V.*, 307 AD2d at 769). With respect to that incident, we conclude that petitioner has established "two facts only: that [respondent] has been the victim of domestic violence, and that the child[ren have] been exposed to that violence," and therefore failed to establish that respondent is "responsible for neglect" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *cf. Matter of Richard T.*, 12 AD3d 986, 987-988 [2004]; *Matter of Michael G.*, 300 AD2d 1144 [2002]). We note that the petition alleging that respondent's boyfriend neglected the children was adjourned in contemplation of dismissal.

We have reviewed respondent's remaining contentions and conclude that they are without merit. Thus, we modify the order by vacating the factual findings that respondent's child died "under suspicious circumstances" and that respondent "engaged in" a domestic violence incident in the presence of the children, and we otherwise affirm. Present—Pine, J.P., Hurlbutt, Scudder, Gorski and Hayes, JJ.