■ In the Matter of CHRISTY C. and Others, Children Alleged to be Neglected. JEFFREY C. et al., Appellants; ADMINISTRATION FOR CHILDREN's SERVICES, Respondent. [903 NYS2d 365]—

Order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about May 19, 2009, which, upon findings of neglect, inter alia, released the subject children to the custody of the mother with 12 months of supervision by the Administration for Children's Services, on conditions that the mother and children receive family counseling for domestic violence, that the father receive anger management therapy, enroll in a batterer's program and be referred for psychiatric

evaluation and for family counseling, and entered a final order of protection against the father for 12 months with respect to the children, allowing only supervised visits, unanimously reversed, on the law and the facts, without costs, the findings of neglect vacated and the petitions dismissed.

We find that the record does not support the finding of neglect inasmuch as a preponderance of the evidence did not demonstrate that the children's physical, mental or emotional condition has been impaired or is in danger of becoming impaired, or that the actual or threatened harm to the children is a consequence of the failure of the parents to exercise a minimal degree of care in providing the children with proper supervision or guardianship (*see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; Family Ct Act § 1012 [f]; § 1046 [b] [i]). While incidents of domestic violence can provide a permissible basis upon which to make a finding of neglect (*see Matter of Daphne G.*, 308 AD2d 132, 135 [2003]; *Matter of Deandre T.*, 253 AD2d 497, 498 [1998]), here, the hearing testimony pertained to a single act of domestic violence which occurred outside the presence of the children and thus was insufficient to establish that the children's physical, mental or emotional condition was in imminent danger of becoming impaired (*see Matter of Davin G.*, 11 AD3d 462, 462-463 [2004]; *Matter of Daphne G.*, 308 AD2d at 134-135).

What the hearing court characterized as a "repeated atmosphere of domestic violence" was based upon improper reliance on hearsay statements by respondent mother and respondent father contained in police domestic incident reports that did not fall within another exception to the hearsay rule (*see Matter of Imani B.*, 27 AD3d 645 [2006]; *see generally Matter of Leon RR.*, 48 NY2d 117, 122 [1979]), and the police reports were inadmissible since the information contained in the reports came from witnesses not engaged in the police business in the course of which the memorandum was made (*see Holliday v Hudson Armored Car & Courier Serv.*, 301 AD2d 392, 396 [2003], *lv dismissed and denied* 100 NY2d 636 [2003]; *Yeargans v Yeargans*, 24 AD2d 280, 282 [1965]).

Furthermore, a preponderance of the evidence did not support a finding of neglect based on excessive corporal punishment on one of the subject children, and derivatively on the other subject children. The father acknowledged that he "popped" or "tapped" the child, but there was no basis to conclude that the force he used was excessive or that it went beyond his common-law right to use reasonable force (*see Matter of Peter G.*, 6 AD3d 201, 206 [2004], *appeal dismissed* 3 NY3d

655 [2004]; Penal Law § 35.10 [1]), particularly since the child sustained no injury and was laughing after his father hit him, his brother told the caseworker that the child was in good spirits after being hit, and the case based on the child's initial report to the school guidance counselor was closed as unsubstantiated. Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Catterson, JJ.

Motion to strike portions of brief denied.