■ In the Matter of BEST BATCHATEU, Petitioner, v DAVID R. PETERS, Director, New York State Central Register of Child Abuse and Maltreatment, et al., Respondents. [909 NYS2d 605]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [John J. Ark, J.], entered June 12, 2009) to review a determination of respondents. The determination denied the petition to amend to unfounded an indicated report of child maltreatment maintained in the New York State Central Register of Child Abuse and Maltreatment.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination denying his application to amend an "indicated" report of child maltreatment in the New York State Central Register of Child Abuse and Maltreatment to be an "unfounded" report (*see* Social Services Law § 422 [8] [b]). Respondents determined that a preponderance of the evidence supported the conclusion that petitioner maltreated his children based on his acts of domestic violence against the children's mother in the presence of the children (*see generally* Social Services Law § 412 [2]; Family Ct Act § 1012 [f]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). At the outset, we agree with petitioner that the proceeding is not time-barred (*see generally* CPLR 217 [1]; *Matter of Anonymous v New York State Off. of Children & Family Servs.*, 53 AD3d 810, 811, *lv denied* 11 NY3d 709 [2008]), and we further agree with petitioner that he complied with the service provisions set forth in the order to show cause (*see generally Lobo v Soto*, 73 AD3d 1135 [2010]; *Matter of Burke v Bezio*, 71 AD3d 1317 [2010]; *Matter of Del Villar v Vekiarelis*, 59 AD3d 642 [2009]). We conclude, however, that the determination is supported by substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Richard R. v Carrion*, 67 AD3d 915 [2009]; *Matter of Tonette E. v New*

*York State Off. of Children & Family Servs.*, 25 AD3d 994, 995 [2006]; *Matter of Stephen FF. v Johnson*, 23 AD3d 977, 978-979 [2005]).

We reject the contention of petitioner that he was denied his right to due process at the fair hearing based on the failure of respondents to attach to their answer to the petition the progress notes made during the investigation of the maltreatment allegations. Such omission from the answer had no effect upon petitioner's right to due process at the hearing. Furthermore, because the progress notes were not admitted in evidence at the hearing but were only marked for identification and used to refresh a witness's recollection, it cannot be said that it was error not to attach them to the answer. We note that petitioner was given a copy of the progress notes at his initial appearance on the petition. Present—Scudder, P.J., Martoche, Smith, Fahey and Green, JJ.