■ In the Matter of ALFONZO H., a Child Alleged to be Neglected. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CASSIE L. et al., Respondents. [908 NYS2d 780]—

Appeal from an order of the Family Court, Onondaga County

(Bryan R. Hedges, J.), entered May 12, 2009 in a proceeding pursuant to Family Court Act article 10. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the petition against respondent Alfonzo H. insofar as the petition alleges that his alcohol abuse impairs his ability to safely care for the subject child and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Onondaga County, to reopen the fact-finding hearing on that part of the petition.

Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, petitioner contends on appeal that Family Court erred in granting the motion of respondent parents to dismiss the petition at the close of petitioner's proof on the ground that petitioner failed to establish a prima facie case of neglect. Contrary to the contention of petitioner, we conclude that petitioner failed to establish by a preponderance of the evidence that the subject child's "physical, mental or emotional condition ha[d] been impaired or [was] in imminent danger of becoming impaired" as a result of the alleged incidents of domestic violence between the child's parents (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see Matter of Ravern H.*, 15 AD3d 991, 992 [2005], *lv denied* 4 NY3d 709 [2005]). We agree with petitioner, however, that the court erred in dismissing the petition against respondent father insofar as the petition alleges that his "alcohol abuse impairs his ability to safely care for [the child]" (*see generally* Family Ct Act § 1046 [a] [iii]), and we therefore modify the order accordingly. Petitioner submitted evidence that police intervention was required on several occasions during which the father engaged in violence against respondent mother while he was intoxicated (*see Matter of Department of Social Servs. v Janna C.*, 237 AD2d 603, 604 [1997]; *cf. Matter of Anna F.*, 56 AD3d 1197 [2008]). Viewing the evidence in the light most favorable to petitioner, we conclude that petitioner established a prima facie case with respect to that issue (*see generally Matter of Ryan D.*, 125 AD2d 160, 166 [1987]). Present—Fahey, J.P., Carni, Lindley, Green and Gorski, JJ.