# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**183**
**CAF 10-02262**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF ILONA H.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,        MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ELTON H., RESPONDENT-APPELLANT.

---

BERNADETTE M. HOPPE, BUFFALO, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR ILONA H.

---

Appeal from an amended order of the Family Court, Erie County
(Patricia A. Maxwell, J.), entered September 23, 2010 in a proceeding
pursuant to Family Court Act article 10.  The amended order adjudged
that respondent neglected the subject child.

It is hereby ORDERED that the amended order so appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum:  Respondent father appeals from an amended order
adjudging that he neglected the child who is the subject of this
proceeding.  The father contends that petitioner failed to establish
that domestic violence occurred in the presence of the child and that
the child was at risk of being harmed during the alleged domestic
violence.  We agree with the father, and we therefore reverse the
amended order and dismiss the petition.

We must give great deference to Family Court's assessment of the
credibility of the witnesses at the fact-finding hearing (*see Matter
of Tina L.*, 255 AD2d 868), and its decision "will not be disturbed
unless [it] lack[s] a sound and substantial basis in the record"
(*Matter of Kaleb U.*, 77 AD3d 1097, 1098).  To establish neglect, the
petitioner must demonstrate by a preponderance of the evidence "first,
that [the] child's physical, mental or emotional condition has been
impaired or is in imminent danger of becoming impaired and second,
that the actual or threatened harm to the child is a consequence of
the failure of the parent . . . to exercise a minimum degree of care
in providing the child with proper supervision or guardianship"
(*Nicholson v Scoppetta*, 3 NY3d 357, 368; *see* Family Ct Act § 1012 [f]
[i]; § 1046 [b] [i]).  Although the "exposure of the child to domestic

violence between the parents may form the basis for a finding of neglect" (*Matter of Michael G.*, 300 AD2d 1144, 1144), "exposing a child to domestic violence is *not* presumptively neglectful. Not every child exposed to domestic violence is at risk of impairment" (*Nicholson*, 3 NY3d at 375). Indeed, a single incident of domestic violence that the child did not witness may be insufficient to establish neglect (*see e.g. Matter of Eustace B.*, 76 AD3d 428; *Matter of Christy C.*, 74 AD3d 561, 562; *cf. Matter of Ariella S.*, 89 AD3d 1092, 1093-1094; *Matter of Batchateu v Peters*, 77 AD3d 1366).

Here, the only evidence of domestic violence presented by petitioner was that the father struck the child's mother on one occasion when the child was eight months old. The father testified at the fact-finding hearing that the altercation occurred outside the presence of the child. Thus, we conclude that petitioner did not establish by a preponderance of the evidence that the physical, mental or emotional condition of the child had been placed in danger of impairment as a result of the father's conduct (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Eustace B.*, 76 AD3d 428; *Christy C.*, 74 AD3d at 562). There is no evidence in the record indicating that the domestic violence was anything other than an isolated incident with no negative repercussions on the child's well-being. A neglect determination may not be premised solely on a finding of domestic violence without any evidence that the physical, mental or emotional condition of the child was impaired or was in imminent danger of becoming impaired (*see Nicholson*, 3 NY3d at 368-369).

Entered:  March 16, 2012                          Frances E. Cafarell
                                                  Clerk of the Court