■ In the Matter of CHAIM R., ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KETURAH PONCE R. et al., Appellants. (Proceeding No. 1.) In the Matter of SHALOM R. ADMINIS-

TRATION FOR CHILDREN'S SERVICES, Respondent; KETURAH PONCE R. et al., Appellants. (Proceeding No. 2.) [943 NYS2d 195]—

In two related neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Kings County (Beckoff, J.), dated March 23, 2011, as, upon a fact-finding order of the same court dated December 13, 2010, made after a hearing, finding that she neglected the subject children, upon releasing the subject children to her custody, directed that she be supervised by the petitioner for a period of six months, and the father appeals (1) from an order of the same court dated October 18, 2010, which denied his motion to disqualify the mother's attorney (2), as limited by his brief, from so much of the fact-finding order dated December 13, 2010, as found that he neglected the subject children, and (3) from so much of the order of disposition dated March 23, 2011, as directed that he be supervised by the petitioner for a period of 12 months, complete an anger management course, and attend individual therapy. The mother's appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the mother's appeal from so much of the order of disposition as directed that she be supervised by the petitioner for a period of six months is dismissed as academic, without costs or disbursements, except insofar as it brings up for review so much of the fact-finding order dated December 13, 2010, as found that she neglected the subject children; and it is further,

Ordered that the father's appeal from the order dated October 18, 2010, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the father's appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order dated December 13, 2010, was superseded by the order of disposition; and it is further,

Ordered that the father's appeal from so much of the order of disposition as directed that he be supervised by the petitioner for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is reversed insofar as reviewed, on the facts, without costs or disbursements, a modified order of disposition dated July 27, 2011, and the fact-finding order dated December 13, 2010, are vacated, the petitions are denied, and the proceedings are dismissed.

At approximately 1:30 A.M. on December 10, 2009, the mother and father were arguing in the living room of their home. The argument led to a physical altercation in which both the mother and father sustained minor physical injuries. The police were called and, when they arrived, the mother was sitting calmly on the couch in the living room while the father was standing holding the youngest child, who was then seven months old. The older child, then two years old, was in the bedroom, and neither child was crying. After interviewing the parents, the police arrested them and charged them each with assault in the third degree.

The petitioner filed neglect petitions against the mother and father, alleging that they neglected the children when they perpetrated acts of physical abuse against each other. In subsequent interviews with a caseworker, the mother initially stated that the children were not present during the argument, but later stated that they were. The father admitted that he and the mother had argued, but did not provide further details to the caseworker.

At the fact-finding hearing, the petitioner elicited the above evidence by presenting the testimony of the police officer who responded to the home after the incident and the caseworker who had interviewed the mother and father. No evidence was provided detailing the altercation or regarding the impairment of the children's physical, mental, or emotional condition. The mother and father did not testify. At the conclusion of the hearing, the Family Court entered a neglect finding against both parents. The Family Court subsequently issued a dispositional order, inter alia, that upon releasing the children to the mother's custody, directed that she be supervised by the petitioner for a period of six months and that the father be supervised by the petitioner for a period of 12 months, complete an anger management course, and attend individual therapy. The mother appeals from the dispositional order, which bring up for review the fact-finding order, and the father appeals from the dispositional order, the fact-finding order, and a Family Court order dated October 18, 2010, which denied his motion to disqualify the mother's attorney. The father has abandoned his appeal from the October 18, 2010, order.

The mother's appeal from so much of the order of disposition as directed that she be supervised by the petitioner for a period of six months, and the father's appeal from so much of the order of disposition as directed that he be supervised by the petitioner for a period of 12 months, must be dismissed as academic because those periods of time have expired (*see Matter of*

*Sanaia L. [Corey W.]*, 75 AD3d 554, 554 [2010]; *Matter of Joshua B.*, 28 AD3d 759, 760 [2006]). However, since the adjudication of neglect "constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings," the mother's appeal from the order of disposition, which brings up for review the finding of neglect in the fact-finding order dated December 13, 2010, is not academic (*Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026, 1027 [2011] [internal quotation marks omitted]).

To establish neglect, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (*see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see also* Family Ct Act § 1046 [b] [i]). While domestic violence may be a permissible basis upon which to make a finding of neglect (*see Matter of Deandre T.*, 253 AD2d 497, 498 [1998]), "[n]ot every child exposed to domestic violence is at risk of impairment" (*Nicholson v Scoppetta*, 3 NY3d at 375). Under the facts presented here, the petitioner failed to establish by a preponderance of the evidence that the children's physical, mental, or emotional conditions had been impaired or were in imminent danger of becoming impaired as a result of the incident of domestic violence between the parents (*see Matter of Alfonzo H. [Cassie L.]*, 77 AD3d 1410, 1411 [2010]; *Matter of Christy C. [Jeffrey C.]*, 74 AD3d 561, 562 [2010]; *Matter of Casey N.*, 44 AD3d 861, 862 [2007]; *Matter of Todd D.*, 9 AD3d 462, 463 [2004]; *cf. Matter of Elijah J. [Phillip J.]*, 77 AD3d 835 [2010]). Accordingly, the Family Court erred in finding that the mother and father neglected the children. Rivera, J.P., Hall, Lott and Austin, JJ., concur.