*937 In a proceeding pursuant to Family Court Act article 10, Cyraia B. appeals from an order of the Family Court, Queens County (Arias, J.), dated August 24, 2011, which, after a fact-finding hearing, determined that the petitioner failed to prove by a preponderance of the evidence that the father neglected her, and dismissed the petition.
Ordered that the order is affirmed, without costs or disbursements.
The Family Court properly determined that the Administration for Children’s Services (hereinafter ACS) failed to meet its burden of proving that the father neglected the subject child on the ground of mental illness or domestic violence committed against the child’s mother (see Family Ct Act § 1012 [Q [i] [B]). The evidence presented failed to establish a causal connection between the father’s mental illness and any impairment or imminent risk of impairment to the child’s physical, mental, or emotional health (see Matter of Joseph A. [Fausat O.], 91 AD3d 638, 639 [2012]; Matter of Jayvien E. [Marisol T.], 70 AD3d 430, 436 [2010]; Matter of Tomieke Y., 32 AD3d 1041, 1042 [2006]). Likewise, because the instances of the father’s domestic violence against the mother were committed outside of the child’s presence, ACS failed to establish the requisite causal connection between the domestic violence and an impairment or risk of impairment of the child’s physical, mental, or emotional health (see Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]; Matter of Larry O., 13 AD3d 633 [2004]; cf. Matter of Elijah J. [Phillip J.], 77 AD3d 835 [2010]; Matter of Briana F. [Oswaldo F.], 69 AD3d 718, 718-719 [2010]; Matter of Errol S., 66 AD3d 579 [2009]). Rivera, J.P., Hall, Lott and Cohen, JJ., concur.