# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1168**
**CAF 13-00953**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JEROMY J. AND ANDRE J.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,                     MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

LATANYA J., RESPONDENT-APPELLANT,
AND ANDREW J., RESPONDENT.

---

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered May 1, 2013 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Latanya J. had neglected the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this neglect proceeding pursuant to Family Court Act article 10, respondent mother contends that Family Court's determination that she neglected her children, issued following a fact-finding hearing, is not supported by legally sufficient evidence. Inasmuch as the petition alleged that the mother neglected the children in violation of Family Court Act § 1012 (f) (i) (B), the burden was on petitioner to "demonstrate by a preponderance of the evidence 'first, that [the] child[ren]'s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child[ren] is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child[ren] with proper supervision or guardianship' " (*Matter of Ilona H. [Elton H.]*, 93 AD3d 1165, 1166, quoting *Nicholson v Scoppetta*, 3 NY3d 357, 368; *see* §§ 1012 [f] [i] [B]; 1046 [b] [i]). Furthermore, the trial court's "findings of fact are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Kaleb U. [Heather V.–Ryan U.]*, 77 AD3d 1097, 1098; *see Matter of Arianna M. [Brian M.]*, 105 AD3d 1401, 1401, *lv denied* 21 NY3d 862). Here, based upon the evidence presented by petitioner, we agree with petitioner and the Attorney for the Children that there is

a sound and substantial basis in the record for the court's finding that "the child[ren were] in imminent danger of impairment as a result of [the mother's] failure to exercise a minimum degree of care" in providing proper supervision or guardianship (*Matter of Paul U.*, 12 AD3d 969, 971; *see Matter of Christopher L.*, 286 AD2d 627, 628, *lv dismissed* 97 NY2d 716; *see generally Matter of Trina Marie H.*, 48 NY2d 742, 743).

Finally, " '[e]ven assuming, arguendo, that we agree with the [mother] that the court did not adequately state the grounds for its determination, we conclude that the error is harmless because the determination is amply support[ed] by the record' " (*Matter of Gada B. [Vianez V.]*, 112 AD3d 1368, 1369; *see generally* Family Ct Act § 1051 [d]).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court