■ In the Matter of KIANA M.-M. MICHELLE K. MCCARTHY, on Behalf of KIANA M.-M., Respondent; ROBERT M., Appellant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Nonparty Respondent. (Proceeding No. 1.) In the Matter of KEIRA M.-M. MICHELLE K. MCCARTHY, on Behalf of KEIRA M.-M., Respondent; ROBERT M., Appellant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Nonparty Respondent. (Proceeding No. 2.) [997 NYS2d 723]—

Appeal from an order of fact-finding of the Family Court, Suffolk County (David Freundlich, J.), dated December 19, 2013. The order, after a fact-finding hearing, found that the father neglected the children.

Ordered that the order of fact-finding is reversed, on the facts, without costs or disbursements, the petition is denied, and the proceedings are dismissed.

A party seeking to establish neglect of a child must demonstrate, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child

with proper supervision and guardianship (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d 357, 358 [2004]). Although exposure of a child to domestic violence may form the basis for a finding of neglect (*see Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d 1127, 1130 [2012]; *Matter of Ilona H. [Elton H.]*, 93 AD3d 1165, 1166 [2012]; *Matter of Christy C. [Jeffrey C.]*, 74 AD3d 561 [2010]), "exposing a child to domestic violence is not presumptively neglectful. Not every child exposed to domestic violence is at risk of impairment" (*Nicholson v Scoppetta*, 3 NY3d at 375).

Here, the attorney for the children, who initiated these proceedings at the direction of the Family Court (*see* Family Ct Act § 1032), failed to establish by a preponderance of the evidence that the children's physical, mental, or emotional condition had been impaired or was in imminent danger of becoming impaired as a result of an incident of domestic violence. The mother testified that the father shoved her out of the couple's second floor bedroom as she was videotaping him angrily search for his missing eyeglasses, and that she fell to the ground outside the bedroom near the stairs. Even crediting this testimony, there is no evidence that the children, who were on the first floor of the house, witnessed this incident, and that their emotional condition was impaired or placed in imminent danger of impairment by it (*see Matter of Andy Z. [Hong Lai Z.]*, 105 AD3d 511, 512 [2013]; *Matter of John D., Jr. [John D.]*, 103 AD3d 514 [2013]; *Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d 1127, 1130 [2012]; *Matter of Ilona H. [Elton H.]*, 93 AD3d 1165, 1166-1167 [2012]; *Matter of Davin G.*, 11 AD3d 462 [2004]). The attorney for the children also failed to establish that the physical, mental, or emotional condition of the older child, who was then four years old, was impaired or placed in imminent danger of impairment when the father was returning the child to the mother. The evidence established that the father put a diaper on the child instead of taking her to a restroom, and allowed her to soil herself, while he was parked near the marital residence waiting for the police to arrive to supervise his drop-off of the child based on his understanding of a temporary order of protection that had been issued in the mother's favor the previous day. The statutory requirement that there be proof of actual or imminent danger of physical, emotional, or mental impairment to the child is intended to "[ensure] that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior" (*Nicholson v Scoppetta*, 3 NY3d at 369). The father's undesirable parenting behavior during this incident is not a sufficient basis to support a finding of neglect.

Accordingly, we reverse the order of fact-finding, deny the petition, and dismiss the proceedings. Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.