■ In the Matter of HARPER F.-L. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GARY L., Appellant. [3 NYS3d 116]—

Appeals from (1) an order of disposition of the Family Court, Kings County (Steven Z. Mostofsky, J.), dated May 14, 2013, and (2) an order of that court dated November 22, 2013. The order of disposition, after a dispositional hearing, released the subject child to the custody of her mother without the supervision of a child protective agency. The appeal from the order of disposition brings up for review an order of fact-finding of that court (Stewart H. Weinstein, J.) dated December 23, 2011, which, after a fact-finding hearing, found that the father had neglected the child. The order dated November 22, 2013, denied the father's motion to vacate the order of fact-finding and the order of disposition.

Ordered that the order of disposition is reversed, on the facts, without costs or disbursements, the order of fact-finding and the order dated November 22, 2013, are vacated, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that the appeal from the order dated November 22, 2013, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order of disposition.

The subject child was born on December 29, 2008. On January 28, 2011, the petitioner, the Administration for Children's Services (hereinafter ACS), commenced this proceeding pursuant to Family Court Act article 10 against the father, alleging that he had neglected the subject child. The petition alleged that the father had engaged in incidents of domestic violence against his then-girlfriend, the child's mother, in the child's presence. At the conclusion of a fact-finding hearing, on the record and in a written order of fact-finding, the Family Court made a finding that the father had neglected the child. The finding of neglect was based on two instances of domestic violence, which occurred on February 8, 2009, and July 28, 2009, respectively. Subsequently, the Family Court issued an order of disposition dated May 14, 2013, releasing the child to the mother's custody without ACS supervision. In September 2013, the father moved to vacate the orders of fact-finding and disposition. The Family Court denied the father's motion in an order dated November 22, 2013. The father appeals from both the order of disposition and the order dated November 22, 2013.

To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). The first element "ensures that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior" (*Nicholson v Scoppetta*, 3 NY3d at 369). "[E]xposing a child to domestic violence is *not* presumptively neglectful. Not every child exposed to domestic violence is at risk of impairment" (*id*. at 375; *see Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d 1127, 1130 [2012]).

Here, the record does not support the Family Court's determination that ACS established, by a preponderance of the evidence, that the father neglected the subject child by engaging in acts of domestic violence against the mother in the child's

presence which created an imminent risk of impairment to the child's physical, mental, or emotional condition. At the fact-finding hearing, ACS presented the testimony of the child's maternal grandmother, the child's mother, and one of its caseworkers. With respect to the February 8, 2009, incident, the mother testified that a physical altercation between the father and herself occurred in the hallway of her apartment as she was on her way to the kitchen while her sister (hereinafter the aunt) was holding the child in the bedroom. The maternal grandmother testified that she was not present at the mother's apartment when this incident occurred and, therefore, did not witness it. She testified that when she arrived at the apartment after the incident, the aunt was holding the child. There was no testimony that the then five-week-old child saw, or was aware of, this incident.

Regarding the July 28, 2009, incident, the maternal grandmother testified that she had gone to a restaurant with the mother, the father, the child, and the aunt, and that an altercation between the mother and the father occurred as everyone was walking back to the mother's apartment. The maternal grandmother stated that the mother and the father started arguing, and that the dispute became physical. The maternal grandmother testified that, when the argument began, the father, who had been pushing the child in a stroller, let go of the stroller and the aunt took control of the stroller. The maternal grandmother also testified that the child remained in her stroller with the aunt during this incident and that nothing happened to the child. Again, there was no testimony that the child, who was then seven months old, saw, or was aware of, what happened. The mother did not testify about the July 2009 incident.

The ACS caseworker testified that she examined the child on four different occasions and never saw any physical markings on her or evidence that she had been harmed. The caseworker further testified that the child never told her that she was afraid of the father, and that the mother never informed the caseworker that the father had physically endangered the child.

The testimony presented by ACS at the fact-finding hearing did not demonstrate, by a preponderance of the evidence, that the father neglected the child, who was five weeks old at the time of one of the incidents and seven months old at the time of the other, by engaging in acts of domestic violence against the mother. The evidence presented at that hearing demonstrated that these incidents occurred either outside of the pres-

ence of the child or in such a way that the child's physical, mental, and emotional condition was not impaired or in imminent danger of becoming impaired as a result of the incidents (*see Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d at 1130; *Matter of Larry O.*, 13 AD3d 633, 633 [2004]). Accordingly, the Family Court's finding that the father had neglected the child is not supported by the record.

The father's remaining contentions either are without merit, are not properly before this Court, or have been rendered academic by our determination. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.