■ In the Matter of GIANNA A. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JASHUA A., Appellant. [18 NYS3d 658]—

Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (Richard Hoffman, J.), dated December 16, 2014. The order, after fact-finding and dispositional hearings, found that the father neglected the child and, inter alia, directed the issuance of an order of protection.

Ordered that the order of fact-finding and disposition is reversed, on the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The subject child was born on June 28, 2013. On August 14, 2014, the Suffolk County Department of Social Services (hereinafter DSS) commenced this proceeding pursuant to Family Court Act article 10 against the child's father, alleging that he had neglected the child by engaging in an incident of domestic violence against the child's mother in the child's presence. Following a fact-finding hearing, the Family Court found that the father neglected the child and issued an order of fact-finding and disposition which included a directive providing for the separate issuance of an order of protection. The father appeals.

A determination of parental neglect following a fact-finding hearing must be based on a preponderance of the evidence, demonstrating " 'first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or

threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship' " (*Matter of Imani B.*, 27 AD3d 645, 645-646 [2006], quoting *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see Matter of Tammie Z.*, 66 NY2d 1 [1985]). "[E]xposing a child to domestic violence is not presumptively neglectful. Not every child exposed to domestic violence is at risk of impairment" (*Nicholson v Scoppetta*, 3 NY3d at 375 [emphasis omitted]; *see Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d 1127, 1130 [2012]).

Here, the record does not support the Family Court's determination that DSS established, by a preponderance of the evidence, that the father neglected the subject child by engaging in acts of domestic violence against the mother in the child's presence which created an imminent risk of impairment to the child's physical, mental, or emotional condition (*see Matter of Harper F.-L. [Gary L.]*, 125 AD3d 652, 653-654 [2015]). At the fact-finding hearing, DSS presented only the testimony of a caseworker, who relayed statements made to her by the father after the incident. The mother did not testify, and the child was too young to provide a statement to DSS. The caseworker testified that the father told her that he and the mother had a fight, and that subsequently, while he was in the shower, the mother called the police out of spite and reported that the father had a knife. According to the caseworker's testimony, the father "initially told me that he did not have the knife. Then he said he gave the knife to the police, and then he said, no, I stashed it in the woods." The caseworker further testified that the father told her that the child was present in the house at the time of the incident. The caseworker did not testify as to the child's location in the house. The court found that "the testimony of [the father] through the caseworker is incredible," and that DSS had "proven their case."

The evidence presented by DSS did not establish, by a preponderance of the evidence, that an incident of domestic violence occurred (*see Matter of Harper F.-L.*, 125 AD3d at 654). Further, if the father did perpetrate acts of domestic violence, DSS did not establish that the acts occurred in the presence of the child, or that the child's physical, mental, and emotional condition was impaired or in imminent danger of becoming impaired as a result of the acts (*see id.* at 654-655; *Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d at 1130; *Matter of Larry O.*, 13 AD3d 633, 633 [2004]).

Accordingly, we reverse the order of fact-finding and disposition, deny the petition, and dismiss the proceeding. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.