Matter of Autumn H. (Clay H.) (2018 NY Slip Op 00290)





Matter of Autumn H. (Clay H.)


2018 NY Slip Op 00290


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-04936
 (Docket No. N-8277-16)

[*1]In the Matter of Autumn H. (Anonymous). Suffolk County Department of Social Services, appellant; Clay H. (Anonymous), respondent.


Dennis M. Brown, County Attorney, Central Islip, NY (James G. Bernet of counsel), for appellant.
Margaret Schaefler, Babylon, NY, for respondent.
Anneris M. Peña, Setauket, NY, attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Suffolk County (Philip Goglas, J.), dated May 5, 2017. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father neglected the subject child, dismissed the petition.
ORDERED that order is affirmed, without costs or disbursements.
The Suffolk County Department of Social Services (hereinafter the DSS) commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the subject child by engaging in domestic violence against the child's mother in the presence of the child. After a fact-finding hearing, the Family Court found that the DSS failed to establish neglect, and dismissed the petition. The DSS appeals.
To establish neglect, a petitioner must demonstrate by a preponderance of the evidence, "first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with the proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368; see Family Ct Act §§ 1012[f][i]; 1046[b][i]). Although the "exposure of the child to domestic violence between the parents may form the basis for a finding of neglect" (Matter of Michael G., 300 AD2d 1144, 1144), "exposing a child to domestic violence is not presumptively neglectful. Not every child exposed to domestic violence is at risk of impairment" (Nicholson v Scoppetta, 3 NY3d at 375 [emphasis omitted]). Indeed, a single incident of domestic violence that the child did not witness may be insufficient to establish neglect (see Matter of Kiana M.-M. [Robert M.], 123 AD3d 720; Matter of Ilona H. [Elton H.], 93 AD3d 1165; Matter of Christy C. [Jeffrey C.], 74 AD3d 561).
Here, the DSS presented the hearsay testimony of a caseworker who testified that the [*2]mother described being choked by the father. The mother's statements were corroborated by her certified hospital records. The caseworker's testimony, however, was inconsistent and equivocal as to whether the child was present during the incident, and thus, the testimony was insufficient to establish by a preponderance of the evidence that the physical, mental, or emotional condition of the child was placed in imminent danger of impairment as a result of the father's conduct (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Kiana M.-M. [Robert M.], 123 AD3d at 721; Matter of Christy C. [Jeffrey C.], 74 AD3d at 562). Accordingly, the Family Court properly dismissed the petition.
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court