Matter of Raven F. (Nicholas F.--Angela C.) (2018 NY Slip Op 04868)





Matter of Raven F. (Nicholas F.--Angela C.)


2018 NY Slip Op 04868


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


537 CAF 16-01195

[*1]IN THE MATTER OF RAVEN F. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; NICHOLAS F., RESPONDENT-APPELLANT, AND ANGELA C., RESPONDENT. (APPEAL NO. 1.)






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
JAMES E. BROWN, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), dated June 28, 2016 in a proceeding pursuant to Family Court Act article 10. The order adjudged that the subject child was neglected. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the finding that respondent Nicholas F. neglected the subject child by engaging in a pattern of domestic violence in the child's presence, and as modified the order is affirmed without costs.
Memorandum: These consolidated appeals arise from two related child protective proceedings pursuant to article 10 of the Family Court Act. In appeal No. 1, respondent father appeals from an order of fact-finding determining that he neglected the subject child (see generally § 1112 [a]). In appeal No. 2, the father appeals from an order that granted petitioner's motion for summary judgment on the petition, which alleged that the father derivatively neglected his younger child.
In appeal No. 1, we agree with the father that petitioner failed to establish by a preponderance of the evidence that he neglected the older child on the ground that he engaged in misconduct constituting a pattern of domestic violence when the child was "presumably present" (see Matter of Ilona H. [Elton H.], 93 AD3d 1165, 1166-1167 [4th Dept 2012]; see generally Family Ct Act § 1046 [b] [i]), and we therefore modify the order accordingly. In light of that determination, the father's contentions regarding various evidentiary rulings by Family Court with respect to that ground are academic. We reject, however, the father's further contention that petitioner failed to establish by a preponderance of the evidence that he neglected the older child based on the father's long-standing history of mental illness and erratic and aggressive behavior (see Matter of Mesiah Elijah B. [Taneez B.], 132 AD3d 456, 456 [1st Dept 2015]; Matter of Harmony S., 22 AD3d 972, 973 [3d Dept 2005]; see generally § 1046 [b] [i]).
We reject the father's contention in appeal No. 2 that petitioner failed to meet its initial burden of establishing derivative neglect with respect to the younger child (see generally Matter of Xiomara D. [Madelyn D.], 96 AD3d 1239, 1240-1241 [3d Dept 2012]). We conclude that the court properly determined that petitioner's submissions established an impairment of the father's parental judgment to the point that it created a substantial risk of harm for any child left in the father's care (see Matter of Devre S. [Carlee C.], 74 AD3d 1848, 1849 [4th Dept 2010]), and that the neglect determination in appeal No. 1 was sufficiently proximate in time to support a [*2]reasonable conclusion that the problematic conditions continued to exist (see Matter of Tradale CC., 52 AD3d 900, 901 [3d Dept 2008]). The father failed to raise an issue of fact in opposition, and we therefore conclude that the court properly granted the motion (see generally Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183 [1994]). We have reviewed the father's remaining contentions in appeal No. 2 and conclude that none require reversal or modification of the order in that appeal.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court