Matter of Taylor P. (Kevin R.) (2018 NY Slip Op 05171)





Matter of Taylor P. (Kevin R.)


2018 NY Slip Op 05171


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-10213
2016-10214
 (Docket Nos. N-2752-14, V-4867-14)

[*1]In the Matter of Taylor P. (Anonymous). Administration for Children's Services, respondent; Kevin R. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Alexis Parham, petitioner- respondent, Kevin Reeves, appellant, et al., respondent-respondent. (Proceeding No. 2)


Helene Bernstein, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and John Moore of counsel), for respondent in Proceeding No. 1 and respondent-respondent in Proceeding No. 2.
The Legal Aid Society, New York, NY (Dawne A. Mitchell, Susan Clement, and Marisa Filupeit of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 10, the father appeals from (1) an order of fact-finding and disposition of the Family Court, Richmond County (Karen B. Wolff, J.), dated September 20, 2016, and (2) an order of custody of the same court, also dated September 20, 2016. The order of fact-finding and disposition, after a hearing, inter alia, found that the father neglected the subject child. The order of custody, after a hearing, awarded custody of the child to the mother.
ORDERED that the order of fact-finding and disposition and the order of custody are affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced a proceeding pursuant to Family Court Act article 10 alleging that the father neglected the subject child, based on an incident during which the father allegedly committed acts of domestic violence against the mother and relatives of the father in the presence of the child and then left the child alone in an apartment. The mother commenced a proceeding pursuant to Family Court Act article 6 seeking custody of the child.
The Family Court held a fact-finding hearing on the neglect petition and a consolidated dispositional hearing on the neglect and custody petitions. Thereafter, the court issued an order of fact-finding and disposition, inter alia, determining that ACS met its prima facie burden of establishing that the father neglected the child. In addition, the court issued an order of custody, awarding custody of the child to the mother. The father appeals from both orders.
To establish neglect of a child, a petitioner must demonstrate by a preponderance of the evidence, "first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368; see Family Ct Act §§ 1012[f][i]; 1046[b][i]). Here, the Family Court's determination that the father neglected the child by committing acts of domestic violence in her presence (see Matter of Jaden J. [Ernest C.], 106 AD3d 822; Matter of Jayden B. [Erica R.], 91 AD3d 1344, 1345; Matter of Elijah J. [Phillip J.], 77 AD3d 835) and by thereafter leaving the child, who was approximately one year old at the time, alone in the apartment for at least 30 minutes (see Matter of Tavene H. [William G.], 139 AD3d 633; Matter of Rosemary V. [Jorge V.], 103 AD3d 484; Matter of Simone B., 228 AD2d 496) is supported by a preponderance of the evidence. Furthermore, we agree with the court's determination, after the consolidated dispositional hearing on ACS's neglect petition and the mother's custody petition, that awarding custody to the mother would be in the child's best interests (see Family Ct Act §§ 1052[a][vii]; 1055-b[a]).
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court