Matter of K. S. (Dyllin S.) (2020 NY Slip Op 00979)





Matter of K. S. (Dyllin S.)


2020 NY Slip Op 00979


Decided on February 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2020

Friedman, J.P., Renwick, Kern, Oing, JJ.


10980 -35088/16

[*1] In re K. S., A Child Under Eighteen Years of Age, etc., Dyllin S., Respondent-Appellant, The Administration for Children's Services, Petitioner-Respondent.


Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Julia Bedell of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Patria Frias—Colón, J.), entered on or about June 19, 2018, which brings up for review a fact-finding order, same court (Ta—Tanisha D. James, J.), entered on or about December 28, 2017, which found that respondent father neglected the subject child, unanimously reversed, on the law and the facts, without costs, the finding of neglect vacated, and the petition dismissed.
The Family Court's finding that the father neglected the subject child lacks a sound and substantial basis in the record because a preponderance of the evidence does not demonstrate that the child's physical, mental or emotional condition was impaired or in danger of becoming impaired, or that the actual or threatened harm to the child was a consequence of the father's failure to exercise a minimal degree of care in providing her with proper supervision or guardianship during the February 14, 2016 incident (see Family Ct Act § 1012[f]; § 1046[b][i]; Matter of Christy C. [Jeffrey C.], 74 AD3d 561, 562 [1st Dept 2010]). Although the mother's and the father's fact-finding testimony established that the child was in the home when the incident occurred, petitioner failed to establish a prima facie case of neglect because their testimony also established that the child was sleeping in another room in the apartment and was unaware of what occurred, which testimony was supported by the testimony of the responding police officer (see Matter of Harper F.-L. [Gary L.], 125 AD3d 652, 654-655 [2d Dept 2015]).
In light of the foregoing, we do not reach the father's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2020
CLERK