■ In the Matter of KAILA A., a Child Alleged to be Neglected. REGINALD A., Appellant; LOVELY A., Respondent; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [942 NYS2d 789]—

Order of fact-finding, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about November 5, 2010, which, to the extent appealed from, after a hearing, found that respondent father had neglected the subject child, unanimously affirmed, without costs. Appeal from order of disposition, same court and Judge, entered on or about January 26, 2011, which placed the child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing, to the extent not abandoned, unanimously dismissed, without costs, as moot.

A preponderance of the evidence supports the court's finding that respondent had neglected the child by committing acts of domestic violence against the child's mother in the child's presence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Matter of Niyah E. [Edwin E.]*, 71 AD3d 532, 533 [2010]). Respondent failed to preserve his hearsay objections, and we decline to review them (*see Matter of Isaiah R.*, 35 AD3d 249, 249 [2006]). In any event, the child's out-of-court statements to the caseworker that she had seen respondent "choking, kicking and slapping" her mother on one occasion and hitting her on another were admissible since they were corroborated by other evidence—namely, the caseworker's testimony and the records admitted without objection (Family Ct Act § 1046 [a] [vi]; *Matter of Aliyah B. [Denise J.]*, 87 AD3d 943, 943 [2011]). Under the circumstances, Family Court properly found that the child's physical, mental or emotional condition was in imminent danger of becoming impaired (*see* Family Ct Act § 1012 [f] [i]; *Matter of Niyah*, 71 AD3d at 533).

A preponderance of the evidence also supports the court's finding of educational neglect, as the record shows that the child had missed 59 days of school in a two-year period (*see Matter of Aliyah*, 87 AD3d at 943). The court rejected respondent's testimony that he was unaware of the child's excessive absences, and there is no basis for disturbing the court's credibility determinations (*id.* at 943-944).

On appeal, respondent does not raise any arguments with respect to the dispositional order. In any event, to the extent the

appeal from that order is not abandoned, it is moot since the placement terms of the order have expired (*see Matter of Adena I. [Claude I.]*, 91 AD3d 484 [2012]). Concur—Mazzarelli, J.P., Acosta, Renwick and Richter, JJ.