■ In the Matter of ASHLEY M.V. and Others, Children Alleged to be Abused. VICTOR V., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [966 NYS2d 406]—

Order of fact-finding, Family Court, New York County (Douglas E. Hoffman, J.), entered on or about July 22, 2010, which, inter alia, after a hearing, found that respondent father had sexually abused his daughter Ashley M.V. and derivatively abused his sons Victor V. and Isaiah V., unanimously affirmed, without costs. Appeal from order of disposition, same court and Judge, entered on or about October 27, 2010, which placed Ashley M.V. in the custody of the Commissioner of Social Services until the completion of the next permanency hearing, unanimously dismissed, without costs, as moot.

The testimony of respondent's daughter at the fact-finding

hearing was competent evidence that respondent sexually abused her and the absence of physical injury or other corroboration does not require a different result (*see Matter of Christina G. [Vladimir G.]*, 100 AD3d 454 [1st Dept 2012], *lv denied* 20 NY3d 859 [2013]; *Matter of Jonathan F.*, 294 AD2d 121 [1st Dept 2002]). The court properly credited the daughter's testimony and any inconsistencies in the testimony were peripheral (*see Matter of Kylani R. [Kyreem B.]*, 93 AD3d 556 [1st Dept 2012]). Moreover, the caseworker testified that both of the child's brothers told her that during the relevant time period, respondent would send them to the park but would keep his daughter in the apartment. Such testimony supports the daughter's testimony that respondent would arrange to be alone with her before he would abuse her (*see Matter of Nicole V.*, 71 NY2d 112, 124 [1987]).

Petitioner's establishment of its prima facie case resulted in the burden shifting to respondent to explain his conduct and rebut the evidence of his culpability. However, upon his failure to testify, the court properly drew a negative inference against him (*see Matter of Nicole H.*, 12 AD3d 182, 183 [1st Dept 2004]).

The determination that respondent, by sexually abusing his daughter, derivatively abused his two sons was supported by a preponderance of the evidence. Respondent's actions showed a fundamental defect in understanding his parental obligations (*see Matter of Marino S.*, 100 NY2d 361, 374-375 [2003], *cert denied* 540 US 1059 [2003]).

Respondent advances no argument with respect to his daughter's placement on appeal and in any event, the dispositional order from which he appeals has expired (*see Matter of Kaila A. [Reginald A.—Lovely A.]*, 95 AD3d 421 [1st Dept 2012]). Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Clark, JJ.