In the Matter of CARMINE G., a Child Alleged to be Neglected. FRANKLIN G., Appellant; Administration for Children's Services, Respondent. [982 NYS2d 318]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about February 6, 2012, which, after a fact-finding hearing, determined that respondent father had neglected the subject child, unanimously affirmed, without costs. Appeal from order of disposition, same court and Judge, entered on or about July 26, 2012, which, to the extent appealed from as limited by the briefs, directed respondent father to engage in a mental health evaluation, cooperate with recommendations and attend domestic violence counseling and anger management, unanimously dismissed, without costs.

A preponderance of the evidence supports the Family Court's finding that respondent neglected the subject child by engaging in a verbal and physical altercation with the child's mother while the child was present in the home and aware of what was transpiring. The caseworker's testimony that the child told her that he heard his parents yelling and engaging in a physical altercation, and that the mother's injuries were the result of the altercation demonstrates that the child was in imminent risk of emotional and physical impairment (*see Matter of Angie G. [Jose D.G.]*, 111 AD3d 404, 404-405 [1st Dept 2013]).

The child's out-of-court statements as to the injuries respondent inflicted upon the mother were corroborated by the caseworker's testimony and the police officer's statement as to the injuries he observed on the mother as indicated in the domestic incident report for the date of the incident (*see Matter of Kaila A. [Reginald A.—Lovely A.]*, 95 AD3d 421, 421 [1st Dept 2012]). Respondent failed to preserve his hearsay objections to other evidence admitted at the hearing, and we decline to review them (*see Matter of Isaiah R.*, 35 AD3d 249 [1st Dept 2006]).

Since respondent failed to appear at the dispositional hearing and his counsel did not participate, the order of disposition was entered on his default, and is not appealable (*see Matter of Natalie Maria D. [Miguel D.]*, 73 AD3d 536 [1st Dept 2010]). Concur—Tom, J.P., Friedman, Sweeny, Saxe and Freedman, JJ.