■ In the Matter of Krystopher D'A., an Infant. Amakoe D'A., Appellant; Administration for Children's Services, Respondent. [994 NYS2d 107]—

Order of fact-finding, Family Court, New York County (Susan K. Knipps, J.), entered on or about November 14, 2012, which, following a hearing, found that respondent father neglected the subject child by inflicting excessive corporal punishment upon him and committing an act of domestic violence upon the child's mother while in the child's presence, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about May 29, 2013, which awarded custody of the subject child to petitioner mother upon respondent's default at the hearing, unanimously dismissed, without costs, as taken from a nonappealable paper.

A preponderance of the evidence supports the Family Court's determination that respondent inflicted excessive corporal punishment upon the child (Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The child's out-of-court statements made during his interview with an investigator from the Child's Advocacy Center and an ACS caseworker were corroborated by the photographs depicting his injuries and by his mother's testimony.

Regardless of whether there was a valid reason for disciplining the child, the resulting bruising reflects that the discipline was not appropriate in form or degree (see Matter of Joseph C. [Anthony C.], 88 AD3d 478, 479 [1st Dept 2011]; Matter of Alena O., 220 AD2d 358, 359-360 [1st Dept 1995]). That the child's injuries resulted from a single incident does not render the finding of neglect insufficient, given the photographs in evidence and respondent's admission that he struck the child with a

wooden spoon "at least twenty times" (see Matter of Marelyn Dalys C.-G. [Marcial C.], 113 AD3d 569, 570 [1st Dept 2014]; Matter of Rachel H., 60 AD3d 1060, 1061 [2d Dept 2009]). Respondent's testimony regarding the incident and his failure to acknowledge the severity of the child's bruising as a result of his actions demonstrates that his parental judgment is strongly impaired and exposes the child to a risk of substantial harm (see Matter of Cevon W. [Talisha W.], 110 AD3d 542, 542 [1st Dept 2013]).

Contrary to respondent's contention, the finding that he neglected the child by committing an act of domestic violence against the mother while in the child's presence is supported by a preponderance of the evidence. The child's out-of-court statement to a caseworker that respondent pushed the mother into the bathtub and "started to choke her" was corroborated by the mother's testimony. The child's statement that he was frightened by the altercation between his parents demonstrates that he was at imminent risk of emotional and physical impairment (see Matter of Kaila A. [Reginald A.—Lovely A.], 95 AD3d 421, 421 [1st Dept 2012]).

The appeal from the final order of custody is dismissed, because the order was entered upon respondent's default (see Matter of Michael B.M. v Gnama I., 118 AD3d 619 [1st Dept 2014]). Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.