■ In the Matter of KAIYEEM C. and Others, Infants. NDAKA C., Appellant; COMMISSIONER OF SOCIAL SERVICES OF CITY OF NEW YORK, Respondent. [4 NYS3d 39]—

Order of disposition, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about June 19, 2012, which upon a fact-finding determination that respondent mother abused and neglected her daughter and derivatively abused and neglected her sons, placed the children in the custody of the Commissioner of Social Services until completion of the next permanency hearing, unanimously affirmed, insofar as it brings up for review the fact-finding determination, and the appeal therefrom otherwise dismissed as moot, without costs. Appeal from fact-finding order, same court and Judge, entered on or about July 27, 2011, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

Since the Family Court continued the children's placement in foster care after conducting subsequent permanency hearings, respondent's challenge to the June 19, 2012 dispositional order is moot (*see Matter of Jonathan S. [Ismelda S.]*, 79 AD3d 539 [1st Dept 2010]; *Matter of Qiana C.*, 46 AD3d 479, 480 [1st Dept 2007]). Thus, the appeal is limited to review of the fact-finding determination (*see Matter of Brianna R. [Marisol G.]*, 78 AD3d 437, 437-439 [1st Dept 2010], *lv denied* 16 NY3d 702 [2011]).

Petitioner demonstrated by a preponderance of the evidence that on December 19, 2010, respondent abused and neglected her daughter by causing the child to sustain second degree immersion burns to both feet. The testimony of petitioner's expert, who was the pediatrician who examined and treated the child when she was brought to the emergency room on the evening of the incident, established that the injuries were not sustained accidentally (*see Matter of Angelique H.*, 215 AD2d 318, 319-

320 [1st Dept 1995]; *Matter of Vincent M.*, 193 AD2d 398, 402 [1st Dept 1993]). Moreover, the testimony established that the child's injuries could not have been caused as suggested by respondent (*see Matter of Benjamin L.*, 9 AD3d 153, 154-159 [1st Dept 2004]).

In light of the nature and severity of the abuse and neglect inflicted by respondent upon her daughter, the finding of derivative abuse and neglect as to the other children was proper, even absent direct evidence that respondent had actually abused and neglected them (*see Matter of Quincy Y.*, 276 AD2d 419 [1st Dept 2000]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Renwick, Feinman and Kapnick, JJ.