■ In the Matter of SERENITY H., a Child Alleged to be Neglected. TASHA S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent. [19 NYS3d 22]—

Order, Family Court, New York County (Clark V. Richardson,

J.), entered on or about November 27, 2013, which, to the extent appealed from, after a fact-finding hearing, found that respondent mother neglected the subject child, unanimously affirmed, without costs.

The finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *see also Matter of Syed I.*, 61 AD3d 580, 580 [1st Dept 2009]). The record shows that the child was subject to actual or imminent danger of injury or impairment of her emotional and mental condition from exposure to repeated incidents of domestic violence occurring in respondent's home (*see Matter of Angelique L.*, 42 AD3d 569, 572 [2d Dept 2007]). The record also shows that the impairment to the child's emotional health was clearly attributable to respondent's unwillingness or inability to exercise a minimum degree of care to protect her daughter from the harmful effects resulting from domestic violence, including respondent's denial that the father was committing domestic violence against her, her multiple refusals to receive domestic violence services and her failure to enforce the order of protection, issued after the police responded to the family apartment on November 18, 2012, which required the father to stay away from the family's home (*see Matter of Jasmine A. [Albert G.]*, 120 AD3d 1125 [1st Dept 2014]; *Matter of David M. [Sonia M.-C.]*, 119 AD3d 800, 800-801 [2d Dept 2014], *lv denied* 24 NY3d 989 [2014]; *Matter of Aaron C. [Grace C.]*, 105 AD3d 548 [1st Dept 2013]).

Contrary to respondent's contention, there exists no basis to disturb the court's credibility determinations (*see e.g. Matter of Niyah E. [Edwin E.]*, 71 AD3d 532 [1st Dept 2010]). The child's out-of-court statements that she saw the November 18, 2012 altercation between respondent and the father was corroborated by the caseworker, respondent and the police officer who responded to the family's apartment after receiving a 911 emergency call and observed respondent's injuries (*see Matter of Madison M. [Nathan M.]*, 123 AD3d 616, 616 [1st Dept 2014]; *Matter of Carmine G. [Franklin G.]*, 115 AD3d 594 [1st Dept 2014]).

The child's out-of-court statement that she was frightened and saddened by the November 18, 2012 altercation between her parents demonstrates that she was in imminent risk of emotional and physical impairment (*see Matter of Krystopher D'A. [Amakoe D'A.]*, 121 AD3d 484, 485 [1st Dept 2014]; *Matter of Kaila A. [Reginald A.—Lovely A.]*, 95 AD3d 421 [1st Dept 2012]). Moreover, the police officer's testimony that after he entered respondent's apartment, he saw that the child "looked

like she had been crying" and was "breathing very, very quickly, rapidly" is sufficient to demonstrate by a preponderance of the evidence that the child's emotional well-being had been impaired by the altercation she had just witnessed between respondent and the father (*see Matter of Nia J. [Janet Jordan P.]*, 107 AD3d 566, 567 [1st Dept 2013]).

In addition, the child's out-of-court statements to the caseworker regarding the incidents of violence between respondent and the father that occurred before the November 18, 2012 incident were corroborated by respondent's testimony that she had complained to the police that the father had hit her before and that the child was present when she and the father argued. Concur—Friedman, J.P., Sweeny, Saxe, Moskowitz and Gische, JJ.