In the Matter of ALIJAH S. and Others, Children Alleged to be Abused. DANIEL S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [21 NYS3d 206]—

Orders of disposition, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about May 6, 2014, to the extent they bring up for review an order of fact-finding, same court and Judge, entered on or about May 2, 2014, which, after a hearing, found that respondent-appellant had sexually abused the oldest subject child, his adoptive brother, and derivatively abused the two other subject children, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the orders of disposition.

Respondent failed to preserve his argument that he was not a person legally responsible for two of the subject children, and we decline to consider it (*see Matter of Keydra R. [Robert R.]*, 105 AD3d 588, 589 [1st Dept 2013]). As an alternate holding, we reject it on the merits (*see* Family Ct Act § 1012 [g]; *Matter of Keoni Daquan A. [Brandon W.—April A.]*, 91 AD3d 414, 415 [1st Dept 2012]).

The findings of sexual abuse and derivative abuse were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Dayanara V. [Carlos V.]*, 101 AD3d 411, 412 [1st Dept 2012]). There is no basis to disturb Family Court's credibility determinations crediting the testimony given by the oldest child and discrediting the testimony given by respondent (*Dayanara*, 101 AD3d at 412). The child's testimony was competent evidence that respondent sexually abused him on about 20 occasions, "and the fact that [he] did not have a physical injury or that there was no corroboration of [his] testimony does not require a different result" (*Matter of Jani Faith B. [Craig S.]*, 104 AD3d 508, 509 [1st Dept 2013]). Family Court providently exercised its discretion in limiting the scope of cross-examination on collateral matters related to the child's credibility (*People v Antonetty*, 268 AD2d 254, 254 [1st Dept 2000], *lv denied* 94 NY2d 945 [2000]).

Given the nature and severity of the abuse inflicted by respondent upon the oldest child, Family Court properly found derivative abuse as to the other children (*Matter of Kaiyeem C. [Ndaka C.]*, 126 AD3d 528, 529 [1st Dept 2015]). Concur— Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.