■ In the Matter of SKYLEAN A.P. and Another, Children Alleged to be Abused and/or Neglected. JEREMIAH S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [26 NYS3d 517]—

Order of disposition, Family Court, Bronx County (Linda Tally, J.), entered on or about August 6, 2014, to the extent it brings up for review a fact-finding order, same court (Jane Pearl, J.), entered on or about October 22, 2013, which found that respondent father sexually abused the older child, and order of disposition, same court (Linda Tally, J.), entered on or about August 12, 2014, to the extent it brings up for review an order, same court and Judge, entered on or about August 6, 2014, which granted petitioner agency's motion for summary judgment against respondent on the issue of derivative neglect of the younger child, unanimously affirmed, without costs. Appeals from the fact-finding order and the order granting summary judgment unanimously dismissed, without costs, as subsumed in the appeals from the orders of disposition.

A preponderance of the evidence in the record supports the finding that respondent abused the older child, for whom he was responsible (Family Ct Act § 1046 [b]). The child's unsworn out-of-court statements were sufficiently corroborated by the expert testimony of a psychotherapist specializing in child sexual abuse (*see Matter of Nicole V.*, 71 NY2d 112, 120-121 [1987]; *Matter of Dorlis B. [Dorge B.]*, 132 AD3d 578 [1st Dept 2015]; Family Ct Act § 1046 [a] [vi]). Respondent's expert's testimony was insufficient to rebut the psychotherapist's opinion. The inconsistencies among the child's statements were minor and peripheral (*see Matter of Ashley M.V. [Victor V.]*, 106 AD3d 659 [1st Dept 2013]). The absence of physical injury to the child is not fatal to a finding of sexual abuse (*id.*). Family Court was entitled to draw a negative inference against respondent from the fact that he did not testify (*see Dorlis B.*, 132 AD3d at 579; *Matter of Estefania S. [Orlando S.]*, 114 AD3d 453, 453-454 [1st Dept 2014]).

Family Court correctly found that no issue of fact existed as to whether respondent derivatively neglected the younger child, who was born during the abuse and neglect proceedings concerning the older child, since the abuse of the older child was proximate in time to the derivative proceeding, and respondent acknowledged that he had not remedied the condition underlying the abuse finding since he refused to complete a sex

offender program, as ordered (*see Matter of Keith H. [Logann M.K.]*, 113 AD3d 555, 555-556 [1st Dept 2014], *lv denied* 23 NY3d 902 [2014]; *Matter of Kimberly H.*, 242 AD2d 35, 38 [1st Dept 1998]). Respondent's abuse of the older child evinced so fundamental a defect in parenting as to place the younger child at substantial risk of harm (*see Matter of Dayanara V. [Carlos V.]*, 101 AD3d 411 [1st Dept 2012]). Concur—Tom, J.P., Acosta, Moskowitz and Gische, JJ.