In the Matter of Tavene H. and Another, Children Alleged to be Neglected. William G. et al., Appellants; Administration for Children's Services, Respondent. [31 NYS3d 70]—

Order of disposition, Family Court, New York County (Emily M. Olshansky, J.), entered on or about July 27, 2015, to the extent it brings up for review an order of fact-finding, same court (Stewart H. Weinstein, J.), entered on or about November 14, 2014, which, after a hearing, found that respondent mother had neglected the subject children, unanimously affirmed, without costs. Mother's appeal from the fact-finding order, unanimously dismissed as subsumed in her appeal from the order of disposition, and, insofar as the fact-finding order found that respondent stepfather had neglected the subject children, the order unanimously affirmed, without costs.

A preponderance of the evidence demonstrated that the stepfather had neglected the subject children by committing acts of domestic violence against the mother in the children's presence on July 1, 2013, and that the mother had neglected the children by failing to shield them from the violence (see Family Ct Act § 1012 [f] [i] [B]; Matter of Jalicia G. [Jacqueline G.], 130 AD3d 402, 403 [1st Dept 2015]). The children's out-of-court statements that they saw the stepfather hit the mother in the back were corroborated by the testimony of caseworkers (Matter of Kaila A. [Reginald A.—Lovely A.], 95 AD3d 421, 421 [1st Dept 2012]). The autistic daughter's out-of-court statement that she cried when she saw the stepfather hit the mother demonstrated that her emotional and physical condition was at imminent risk of harm (see Matter of Serenity H. [Tasha S.], 132 AD3d 508, 509 [1st Dept 2015]). The autistic son's emotional and physical condition was also at imminent risk of harm, because the mother told a caseworker that the child did not like it when she and the stepfather argued. Moreover, the police responded to respondents' apartment on other occasions due to altercations between them, and the mother continued to live with the stepfather, despite her awareness of a pending neglect case against him based on his acts of domestic violence against his former partner in the presence of his daughter.

A preponderance of the evidence also demonstrated that the mother neglected the children by leaving them alone in the apartment on two occasions in May 2013, even though the children have a limited ability to communicate and are unable to care for themselves, and one child had suffered from recent seizures (see Matter of Stoops v Perales, 117 AD2d 7 [3d Dept 1986]).

There is no basis to disturb the Family Court's credibility determinations (see Matter of Kaila A., 95 AD3d at 421). Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.