■ In the Matter of EMILY S. and Another, Children Alleged to be Neglected. JORGE S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [44 NYS3d 743]—

Order of disposition, Family Court, New York County (Susan

K. Knipps, J.), entered on or about September 1, 2015, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about July 24, 2015, which found that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

The finding of neglect was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). Exposure to domestic violence is a proper basis for a neglect finding where the violence occurred in the child's presence and resulted in physical, mental or emotional impairment or imminent danger thereof (*see Matter of Gianna A. [Jashua A.]*, 132 AD3d 855, 856 [2d Dept 2015]; *Matter of Christy C. [Jeffrey C.]*, 74 AD3d 561, 562 [1st Dept 2010]). Both of these conditions are satisfied here.

Although the children were not present for the most recent incident of abuse, the out-of-court statements of one of the children indicating that she and her sister had witnessed prior episodes, as corroborated by two prior orders of protection and the father's own admissions, were sufficient to demonstrate exposure to domestic violence (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 117-119 [1987]). That the child made consistent statements to more than one person also enhances the credibility of these statements, although repetition is not itself sufficient corroboration (*see Matter of David R. [Carmen R.]*, 123 AD3d 483, 484 [1st Dept 2014]). That these statements were somewhat lacking in detail is consistent with the child's assertion that she kept herself safe by hiding when her father hit her mother. The parents' assertions that the children had never been present during their arguments were found not credible by the hearing court; there is no basis to overturn this credibility determination (*see Matter of Sonia C. [Juana F.]*, 70 AD3d 468, 468 [1st Dept 2010]).

Further, the child's out-of-court statement that she was "scared" and would hide when her father hit her mother demonstrates an imminent risk of emotional and physical impairment (*see Matter of Serenity H. [Tasha S.]*, 132 AD3d 508, 509 [1st Dept 2015]; *Matter of Krystopher D'A. [Amakoe D'A.]*, 121 AD3d 484, 485 [1st Dept 2014]). Concur—Andrias, J.P., Saxe, Feinman, Gische and Kahn, JJ.