Appeal by the petitioner from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated November 4, 2016. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father neglected the subject children, dismissed the petitions with prejudice.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The petitioner commenced these related child protective proceedings pursuant to Family Court Act article 10, alleging that the father neglected the subject children by perpetrating acts of domestic violence against the mother in their presence and by the misuse of alcohol. Following a fact-finding hearing, the Family Court determined that the petitioner failed to establish that the father neglected the children, and dismissed the petitions with prejudice. The petitioner appeals.
 

 “To establish neglect, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship” (Matter of Chaim R. [Keturah Ponce R.], 94 AD3d 1127, 1130 [2012]).
 

 “The statutory requirement that there be proof of actual or imminent danger of physical, emotional, or mental impairment to the child is intended to ‘[ensure] that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior’ ” (Matter of Kiana M.M. [Robert M.], 123 AD3d 720, 721 [2014], quoting Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]).
 

 The Family Court properly determined that the petitioner failed to establish by a preponderance of the evidence that the father neglected the children by perpetrating acts of domestic violence against the mother in their presence. Contrary to the petitioner’s contention, evidence that the children witnessed an isolated incident of domestic violence was insufficient to establish that the physical, mental, or emotional condition of the children had been impaired or was in danger of becoming impaired (see Matter of Eustace B. [Shondella M.], 76 AD3d 428, 429 [2010]; cf. Matter of David M. [Sonia M.-C.], 119 AD3d 800 [2014]; Matter of Amodea D. [Jason D.], 112 AD3d 1367 [2013]).
 

 The Family Court also properly determined that the petitioner failed to establish by a preponderance of the evidence that the father neglected the children by misusing alcohol. There was insufficient evidence that the father “misus[ed] alcoholic beverages to the extent that he los[t] self-control of his actions” (Family Ct Act § 1012 [f] [i] [B]), or that the physical, mental, or emotional condition of the children had been impaired or was in imminent danger of becoming impaired (see Matter of Diamond J. [Nakesha J.], 102 AD3d 784 [2013]; Matter of Anastasia G., 52 AD3d 830 [2008]).
 

 Accordingly, the Family Court properly dismissed the petitions with prejudice.
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.