Matter of Kenny J.M. (John M.) (2018 NY Slip Op 00391)





Matter of Kenny J.M. (John M.)


2018 NY Slip Op 00391


Decided on January 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2018

Sweeny, J.P., Richter, Andrias, Webber, Oing, JJ.


5505

[*1]In re Kenny J.M., A Dependent Child Under the Age of Eighteen Years etc., John M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


John R. Eyerman, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Qian Julie Wang of counsel), for respondent.



Order of fact-finding and disposition, Family Court, Bronx County (Valerie A. Pels, J.), entered on or about November 17, 2015, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent father neglected the subject child, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence that the father's actions posed an imminent danger to the child's emotional and physical well-being (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The mother testified that the father assaulted her in the presence of the child, who cried and attempted to assist her, and the child's out-of-court statements also described the father attacking the mother (see Matter of Serenity H. [Tasha S.], 132 AD3d 508 [1st Dept 2015]).
The father's assertion that the child was not in imminent danger of harm since he witnessed only a single incident of violence is unavailing (see Matter of Allyerra E. [Alando E.], 132 AD3d 472, 473 [1st Dept 2015], lv denied 26 NY3d 913 [2015]; Matter of Madison M. [Nathan M.], 123 AD3d 616, 617 [1st Dept 2014]). The record shows that when the father perpetrated the act of violence against the mother, not only did the child witness it, he became involved in the altercation. He asked his father to stop striking his mother and attempted to assist her, all to no avail, leaving him in tears, which demonstrates an imminent risk of impairment (see Matter of Tavene H. [William G], 139 AD3d 633 [1st Dept 2016]; Matter of Serenity H. [Tasha S.], 132 AD3d at 509). Contrary to the father's assertions, no expert testimony was needed for a showing of impairment (see Matter of Enrique V. [Jose U.V.], 68 AD3d 427 [1st Dept 2009]).
Furthermore, there exists no basis to disturb the court's evaluation of the evidence, including its credibility determinations (see Matter of Ilene M., 19 AD3d 106 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2018
CLERK