Matter of AnnMarie S.W. (Raheem Sandford W.) (2018 NY Slip Op 02729)





Matter of AnnMarie S.W. (Raheem Sandford W.)


2018 NY Slip Op 02729


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Friedman, J.P., Richter, Andrias, Kapnick, Webber, JJ.


6307

[*1]In re AnnMarie S. W., and Another, Children Under Eighteen Years of Age, etc., Raheem Sandford W. Respondent-Appellant, Administration for Children Services, Petitioner-Respondent,


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Carolyn Walther of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.



Order, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about March 27, 2017, which, inter alia, after a hearing, found that respondent father neglected the subject children, unanimously affirmed, without costs.
A preponderance of the evidence establishes that respondent neglected the children by engaging in acts of domestic violence against the mother while in the children's presence (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Jeremiah M., 290 AD2d 450 [2d Dept 2002]). Respondent does not dispute that the children witnessed an incident in which he struck and choked the mother, and she stabbed him in the shoulder. There exists no basis to disturb the court's credibility determinations, including its rejection of respondent's claim that he was acting in self-defense (see e.g. Matter of Irene O., 38 NY2d 776, 777 [1975]).
The record shows that the children were subject to actual or imminent danger of injury or impairment of their emotional and mental condition from exposure to domestic violence (see Matter of Serenity H. [Tasha S.], 132 AD3d 508, 509 [1st Dept 2015]). The older child's out-of-court statement that she felt bad during the altercation was corroborated by the mother's testimony that during the incident, the child screamed and the younger child cried (see Matter of Krystopher D'A. [Amakoe D'A.], 121 AD3d 484, 485 [1st Dept 2014]). The record further shows that the children were placed in imminent danger of physical harm due to their
close proximity to the potentially deadly violence (see Matter of Isabella S. [Robert T.], 154 AD3d 606, 607 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK