Matter of Heily A. (Flor F.) (2018 NY Slip Op 06691)





Matter of Heily A. (Flor F.)


2018 NY Slip Op 06691


Decided on October 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Singh, JJ.


7252

[*1]In re Heily A., A Child Under Eighteen Years of Age, etc., Flor F., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Gustavo A., Respondent.


Andrew J. Baer, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti Singh of counsel), attorney for the child.



Order of fact-finding and disposition, Family Court, New York County (Emily M. Olshansky, J.), entered on or about February 21, 2017, which found that respondent mother neglected the subject child, unanimously affirmed, without costs.
The finding that respondent mother neglected the child by permitting her to be exposed to incidents of domestic violence between the parents is supported by a preponderance of the evidence (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). Exposure to domestic violence is a proper basis for a neglect finding where the violence occurred in the child's presence resulting in physical, mental or emotional impairment or imminent danger thereof (see Matter of Emily S. [Jorge S.], 146 AD3d 599, 600 [1st Dept 2017]; Matter of Gianna A. [Jashua A.], 132 AD3d 855, 856 [2d Dept 2015]).
The court will defer to Family Court's findings of fact and credibility determinations where, as here, they are supported by the record (see Matter of Davion A. [Marcel A.], 68 AD3d 406 [1st Dept 2009]).
Petitioner agency established that the actual or threatened harm to the child was a consequence of the failure of the mother to exercise a minimum degree of care in providing proper supervision or guardianship (Nicholson, 3 NY3d at 370). The caseworker testified that respondent admitted to her that the child witnessed domestic violence between the parents and that sometimes respondent was the aggressor. The child admitted to the caseworker that she was aware that her parents physically fought with each other and that she was "mad and scared" after being present for one physical altercation (see Matter of Emily S. [Jorge S.], 146 AD3d at 600; Matter of Serenity H. [Tasha S.], 132 AD3d 508 [1st Dept 2015]). In addition, although respondent did not live with the father and the child, she visited and stayed there, despite an order of protection against her and despite the documented history of domestic violence, thereby exposing the child to violence between the parents without regard to the impact of that violence on the child.
However, the finding that respondent neglected the subject child by misusing alcohol to the extent set forth in Family Court Act §§ 1012(f)(i)(B) and 1046(a)(iii) is not supported by a preponderance of the evidence (see Matter of Cameron D. [Lavon D.], 154 AD3d 849, 850 [2d Dept 2017]; Matter of Anastasia L.-D. [Ronald D.], 113 AD3d 685, 687-688 [2d Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 9, 2018
CLERK