Matter of Jeremy B. (Jeffrey B.--Melissa N.) (2019 NY Slip Op 00232)





Matter of Jeremy B. (Jeffrey B.--Melissa N.)


2019 NY Slip Op 00232


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8105

[*1]In re Jeremy B. and Others, Dependent Children Under Eighteen Years of Age, etc., Jeffrey B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Melissa N., Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.



Order, Family Court, Bronx County (Linda Tally, J.), entered on or about May 5, 2017, which determined, after a hearing, that respondent appellant father sexually abused the subject child Jalissa B., and derivatively neglected the other subject children, unanimously affirmed, without costs.
Family Court properly concluded that petitioner demonstrated by a preponderance of the evidence that appellant sexually abused the subject child Jalissa B. (see Family Ct Act § 1046 [b][i]) and derivatively neglected his biological son Jeremy B., and Rene J.T., a child for whom he is legally responsible, based on Jalissa's out-of-court statements to the physician that attended her in the emergency room and the detective assigned to her case (see Family Ct Act § 1046 [a][vi]; Matter of Nicole V., 71 NY2d 112, 117 [1987]), plus her medical records that corroborated her statements (see Matter of Skylean A.P. [Jeremiah S.], 136 AD3d 515 [1st Dept 2016], lv denied 27 NY3d 907 [2016]; Matter of Marelyn Dalys C.-G. [Marcial C.], 113 AD3d 569 [1st Dept 2014]). Having reviewed the record, we find no basis for disturbing the court's credibility determinations (see Matter of Markeith G. [Deon W.], 152 AD3d 424, 424 [1st Dept 2017]).
A preponderance of the evidence supports the Family Court's determination that appellant derivatively neglected the other two children. Appellant's sexual abuse of Jalissa demonstrated such an impaired level of parental judgment as to create a substantial risk of harm to the children (see Matter of Genesis A. [Candido A.], 150 AD3d 616, 617 [1st Dept 2017]; Matter of Estefania S. [Orlando S.], 114 AD3d 453, 454 [1st Dept 2014]).
Appellant failed to preserve for appellate review his argument that he was not a person [*2]legally responsible for Rene J.T. (see Matter of Alijah S. [Daniel S.], 133 AD3d 555, 556 [1st Dept 2015], lv denied 26 NY3d 917 [2016]), and we decline to consider it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK