Matter of Samantha F. (Edwin F.) (2019 NY Slip Op 01310)





Matter of Samantha F. (Edwin F.)


2019 NY Slip Op 01310


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


8459

[*1]In re Samantha F., and Others, Children Under the Age of Eighteen Years, etc., Edwin F. Respondent-Appellant, The Administration for Children's Services Petitioner-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Ellen Ravitch of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order of fact-finding (denominated a decision), Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about January 29, 2018, which, after a hearing, found that respondent sexually abused the eldest child and derivatively neglected the other children, unanimously affirmed, without costs.
Contrary to petitioner agency's argument, the appeal is properly taken from an appealable paper. Although denominated a decision, the paper bears the standard language advising that any appeal from the "order" must be taken within 30 days (Family Ct Act § 1113), and is, in substance, an order finding that the children have been abused/neglected (Family Ct Act § 1051[a]), which is appealable as of right (Family Ct Act § 1112[a]).
The court's determination that respondent sexually abused the eldest child, for whom he was responsible, is supported by a preponderance of the evidence. The testimony of the child was not necessary to make a fact-finding of abuse (Family Ct Act § 1046[a][vi]; [b][i]). The court properly found that the child's detailed out-of-court statements were sufficiently corroborated by the testimony of her mother, by out-of-court statements of a sibling submitted through a case worker's testimony, as well as by the expert testimony of a therapist social worker with a specialization in child abuse and trauma, who opined that the child's behavior and demeanor were consistent with a child who has been sexually abused (see Matter of Nicole V., 71 NY2d 112, 120-121 [1987]; Matter of Dorlis B. [Dorge B.], 132 AD3d 578 [1st Dept 2015]). The expert's opinion was properly based on the testimony of another social worker who was subject to cross-examination, whose testimony was in evidence and found to be reliable, and whose credibility is not challenged by respondent (see e.g. Wagman v Bradshaw, 292 AD2d 84, 86-87 [2d Dept 2002]).
Respondent's sexual abuse of the eldest child supports a finding of derivative neglect of the other children since it demonstrates that his understanding of his parental obligations is so defective as to place them at substantial risk, particularly since the children were in respondent's [*2]sole care at the times that the abuse occurred (see Matter of Skylean A.P. [Jeremiah S.], 136 AD3d 515, 516 [1st Dept 2016], lv denied 27 NY3d 907 [2016]; Matter of Kylani R. [Kyreem B.], 93 AD3d 556 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK