Matter of Alyssa-Marie D. (Richard Luke D.) (2019 NY Slip Op 02652)





Matter of Alyssa-Marie D. (Richard Luke D.)


2019 NY Slip Op 02652


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8931

[*1]In re Alyssa-Marie D., and Others, Children Under Eighteen Years of Age, etc., Richard Luke D., Respondent-Appellant, Commissioner of Social Services of the City of New York, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elina Druker of counsel), for respondent.
Karen Freedman, Lawyers For Children, Inc., New York (Brenda Soloff of counsel), attorney for the children.



Order of fact-finding, Family Court, New York County
(Ta-Tanisha D. James, J.), entered on or about December 13, 2017, which, after a hearing, found that respondent father neglected the subject child Danny D. by inflicting excessive corporal punishment upon him, and derivatively neglected Danny's siblings, unanimously affirmed, without costs.
A preponderance of the evidence supports the determination that respondent inflicted excessive corporal punishment upon Danny (Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The child's out-of-court statements made during his interview with an investigator from the Child's Advocacy Center were corroborated by his mother's testimony and by photographs depicting the child's injuries (see Matter of Krystopher D'A. [Amakoe D'A.], 121 AD3d 484 [1st Dept 2014]). The fact that the child's injuries were the result of a single incident does not preclude a finding of excessive corporal punishment (see Matter of Rachel H., 60 AD3d 1060, 1061 [2d Dept 2009]).
The finding of derivative neglect with respect to the remaining children was supported by the record. It is not necessary for a sibling to suffer physical injury in order for the court to find derivative neglect (Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 76 [1st Dept 2012]). Rather, the evidence of neglect of Danny "demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in [respondent's] care" (Matter of Joshua R., 47 AD3d 465, 466 [1st Dept 2008], lv denied 11 NY3d 703 [2008]).
We have considered respondent's remaining contentions and
find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK