Matter of Justin E. (Jose N.-R.--Maria E.) (2019 NY Slip Op 04106)





Matter of Justin E. (Jose N.-R.--Maria E.)


2019 NY Slip Op 04106


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh, JJ.


9439

[*1]In re Justin E., and Another, Children Under Eighteen Years of Age, etc., Jose N.-R., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Maria E., Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Ashley R. Garman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the children.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about September 8, 2017, which, to the extent appealed from as limited by the briefs, found that respondent neglected a child for whom he was legally responsible and derivatively neglected his own child, unanimously affirmed, without costs.
The finding of neglect was supported by a preponderance of the evidence (Family Ct Act § 1046[b][i]). The out-of-court statements by the child regarding a domestic incident involving respondent and her mother in the child's presence were sufficiently corroborated by respondent's own statements to the caseworker (see Matter of Nicole V., 71 NY2d 112, 118-119 [1987]), and the court was entitled to reject the purported exculpatory explanation of the incident that respondent gave to the caseworker (see Matter of Rashawan J. [Veronica H.-B.], 159 AD3d 1436, 1437 [4th Dept 2018]. The court also properly drew a negative inference from respondent's failure to testify and explain the statement or offer any evidence (see e.g. Matter of Mia B. [Brandy R.], 100 AD3d 569 [1st Dept 2012], lv denied 20 NY3d 858 [2013]). Furthermore, the child's statement that she was afraid of respondent demonstrated an imminent risk of emotional and physical impairment (see Matter of Serenity H. [Tasha S.], 132 AD3d 508, 509 [1st Dept 2015]; see also Matter of Carmine G. [Franklin G.], 115 AD3d 594 [1st Dept 2014]).
The finding of derivative neglect was warranted because respondent's actions demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in his care (see Matter of Deandre C. [Luis D.], 169 AD3d 609 [1st Dept 2019]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK