Matter of Brittney B. (Marcelo B.) (2022 NY Slip Op 06881)

Matter of Brittney B. (Marcelo B.)

2022 NY Slip Op 06881

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Docket No. NA-34178/17, NA-34179/17 Appeal No. 16802 Case No. 2021-01585 

[*1]In the Matter of Brittney B., and Another Children Under 18 Years of Age, etc., Marcelo B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho, (Randall S. Carmel of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (E. Grace Park, J.), entered on or about April 6, 2021, to the extent it brings up for review a fact-finding order, same court (Elenor C. Cherry, J.), entered on or about November 6, 2019, which found that respondent father sexually abused the older child and derivatively neglected the younger child, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding that the father sexually abused the older child (see Family Court Act §§ 1012[e][iii][A], 1046[b][1]; Matter of Jani Faith B. [Craig S.], 104 AD3d 508, 509 [1st Dept 2013]). The older child's sworn testimony at the fact-finding hearing constituted competent evidence that the father began sexually abusing her when she was around six years old, and the absence of a physical injury does not render the testimony unworthy of credibility (see Matter of Alijah S. [Daniel S.], 133 AD3d 555, 556 [1st Dept 2015], lv denied 26 NY3d 917 [2016]; Matter of Christina G. [Vladimir G.], 100 AD3d 454, 454 [1st Dept 2012], lv denied 20 NY3d 859 [2013]).
Contrary to the father's contention, there is no basis for disturbing Family Court's credibility determinations, including its evaluation of the older child's testimony regarding how long the father had been touching her in a sexual manner and what acts of abuse he committed against her. The court's determination of the witnesses' credibility was based on observations of their demeanor, and the court rejected the father's claim that he was never alone with his daughter, determining that the testimony was not credible. We find no reason to overturn this credibility determination, which should be accorded deference on appeal (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Emily S. [Jorge S.], 146 AD3d 599, 600 [1st Dept 2017]).
In addition, Family Court properly entered a derivative neglect finding against the father as to the younger child. The fact-finding testimony established that the younger child was spending weekends in the home during the period the father sexually
abused the older child (see Matter of Marino S., 100 NY2d 361, 373-375 [2003], cert denied 540 US 1059 [2003]; Matter of Cristalyn G. [Elvis S.], 158 AD3d 563, 564 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022