Matter of K. A. v Rayfie T. (2024 NY Slip Op 05271)

Matter of K. A. v Rayfie T.

2024 NY Slip Op 05271

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Oing, J.P., Singh, Gesmer, González, Pitt-Burke, JJ. 

Docket No. N6541/22 Appeal No. 2876 Case No. 2024-00920 

[*1]In the Matter of K. A., A Child Under the Age of Eighteen Years, etc., Administration for Children's Services Petitioner-Respondent,
v
Rayfie T., Respondent-Appellant, Mary C., Respondent.

Steven P. Forbes, Huntington, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Geoffrey E. Curfman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (Fiordaliza A. Rodriguez, J.), entered on or about January 12, 2024, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about the same date, which found that respondent-appellant abused and neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's determination that appellant, whom the child considered to be a stepfather, sexually abused and neglected the child (Family Court Act §§ 1012[e][iii], 1046[b]; see Matter of Jani Faith B. [Craig S.], 104 AD3d 508, 509 [1st Dept 2013]). The child's sworn testimony at the fact-finding hearing constituted competent evidence that appellant sexually abused her on five occasions between December 2021 and April 2022. The fact that the child did not have a physical injury or that there was no corroboration of her testimony does not affect our evaluation of the testimony (see Matter of Alijah S. [Daniel S.], 133 AD3d 555, 556 [1st Dept 2015], lv denied 26 NY3d 917 [2016]; Matter of Christina G. [Vladimir G.], 100 AD3d 454, 454 [1st Dept 2012], lv denied 20 NY3d 859 [2013]). Furthermore, the court could properly infer appellant's intent to gain sexual gratification from touching the child's breasts from the acts themselves (see Matter of Maria S. [Angel A.], 185 AD3d 437, 437 [1st Dept 2020]).
We find no basis for disturbing Family Court's determinations, which are entitled to deference on appeal (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Emily S. [Jorge S.], 146 AD3d 599, 600 [1st Dept 2017]).
We have considered appellant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024