Matter of S.A. (S.F.) (2025 NY Slip Op 01037)

Matter of S.A. (S.F.)

2025 NY Slip Op 01037

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Webber, J.P., Singh, Moulton, Pitt-Burke, Rosado, JJ. 

Docket No. NN-16785/23|Appeal No. 3733|Case No. 2023-06774|

[*1]In the Matter of S.A., A Child Under Eighteen Years of Age, etc., S.F., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (E. Grace Park, J.), entered on or about October 31, 2023, which, to the extent appealed from as limited by the briefs, determined, after a fact-finding hearing, that respondent mother neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the mother neglected the child by inflicting excessive corporal punishment on her (Family Court Act §§ 1012[f][i][B]; 1046[b][i]). Family Court properly credited the child's out-of-court statements that the mother hit, punched, dragged, pulled, and threw the child to the ground after the child refused to give the mother a hug, which the child consistently repeated to the police, EMT, and medical professionals who treated her injuries. Although the child's repetition of the statements alone is not sufficient corroboration, the child's consistent recounting of events to more than one person enhances their credibility (see Family Court Act § 1046[a][vi]; Matter of Emily S. [Jorge S.], 146 AD3d 599, 600 [1st Dept 2017]).
Family Court properly determined that the child's statements were corroborated by other evidence in the record, including the aunt's statement in the hospital records, which were independently admissible because they were relevant to her treatment, diagnosis, and discharge and therefore fall within the medical diagnosis and treatment exception to hearsay (see Family Court Act § 1046[a][vi]; People v Ortega, 15 NY3d 610, 619 [2010]; Matter of E.H. [M.H.], 209 AD3d 582, 583 [1st Dept 2022]). The child's statements were also corroborated by the injuries themselves (see e.g. Matter of Yvelize T., 302 AD2d 242, 242 [1st Dept 2003]). By contrast, as the court correctly observed, the mother's version of events, in which the child was the aggressor, fails to account for the child's injuries, which required an arm sling for treatment (see Matter of Krystopher D'A. [Amakoe D'A.], 121 AD3d 484, 485 [1st Dept 2014]). In these circumstances, there is no basis to disturb Family Court's credibility determinations (Matter of Yvelize T., 302 AD2d at 242).
Furthermore, Family Court's finding of neglect was properly predicated on a single incident (see Matter of Robann H. [Autumn P.], 221 AD3d 502, 503 [1st Dept 2023]). Although the mother has a common-law right to discipline her child, here, the discipline of hitting, punching, dragging, and throwing the child "was not appropriate in form or degree" (Matter of Empress B. [Henrietta L.], 204 AD3d 562, 563 [1st Dept 2022]).
We have considered the mother's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025